ALBERT T. DUNHAM et al., Executors, &c., Appellants, *v.*
ALBERT G. SAGE, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, MAY, 1872.)

Prior to the amendment to section 101 of the Code in 1870, the statute of limitations, in cases other than those excepted by that section, began to run against a married woman, continuing the coverture, only after five years.

And if she died before the expiration of five years, her representatives had the full time limited by statute, in which to bring an action upon a claim which survived to them.

THIS action was tried at the Rensselaer Special Term of this court in 1871. The justice, before whom it was tried, made his decision dismissing the plaintiffs' complaint on the 15th day of June, 1871. After judgment on such decision in favor of the defendant for costs, the plaintiffs appealed therefrom to the General Term of this court.

The case is now submitted on printed briefs.

*John H. Reynolds,* for the appellants.

*W. A. Beach,* for the respondent.

Present—MILLER, P. J., POTTER and BALCOM, JJ.

By the Court—BALCOM, J. The only cause of action the plaintiffs proved on the trial was upon an award not under seal, as I infer from the case, against the defendant in favor of the testatrix, Mrs. Eliza Ann Dunham, dated the 31st day of August, 1857, by which award the defendant was required to pay Mrs. Dunham the sum of $2,000, with interest thereon from the 1st of May, 1854. As no time was specified in the award for the payment of the $2,000 and interest thereon, the same was due when the award was made.

The only defence to the action on the award, set up in the defendant's answer, which it is necessary to consider is, that the cause of action on the award did not accrue within seven years before the commencement of the action; that the right of action accrued on the award on the 31st day of August,

1857; that Mrs. Dunham died on the 4th day of February, 1862, and that the action was commenced on the 10th day of February, 1867.

Those dates were proved on the trial, as alleged in the answer, except that the action was commenced on the 18th instead of the 10th day of February, 1867.

The validity of the award was conceded on the trial, and that it embraced the entire cause of action contained in the complaint.

The will of Mrs. Dunham was proved, and letters testamentary thereon were issued to the plaintiffs on the 10th day of September, 1866.

Mrs. Dunham was a married woman (the wife of the plaintiff, Albert T. Dunham) when the award was made, and her coverture continued until she died.

When the award was made and until after this action was partly tried, the time for commencing an action like this by a married woman was not limited, except it was provided "that the period within which the action must be brought cannot be *extended* more than five years by any such disability, except infancy. Nor can it be *so extended*, in any case, longer than one year after the disability ceases." See section 101 of the Code, as it was prior to the 6th day of May, 1870.

The judge decided at the Special Term that the cause of action on the award had become barred, before the action was commenced, by the statute of limitation. To which decision the plaintiff's counsel excepted.

The general rule prescribed by the Code was and still is, that an action like this must be commenced within six years next after the right to bring it accrues. (Code, § 91.) But by section 100 of the Code, as it was until after this action was partly tried, those six years did not begin to run, as against a married woman, until the expiration of five years after the accruing of the cause of action in her favor. Mrs. Dunham did not live five years after the cause of action on the award in question accrued to her. She lived only four years five months and three days after the award was made.

Dunham *v.* Sage.

If she had lived she could have brought an action on the award at any time within eleven years after she had the right to bring it, which eleven years would have expired on the 31st day of August, 1868. Now, as no part of the six years' limitation ran against Mrs. Dunham during her life, it would seem that her executors could bring this action at any time within six years after she died. And they brought the action at the expiration of five years and four days subsequent to her death, and within those six years.

One difficulty that probably embarrassed the judge at the Special Term was the clause formerly in section 101 of the Code, which declared that the period within which an action must be brought by a married woman could not be " extended in any case longer than one year after the disability ceased." But that clause is not applicable to this case, for the reason that Mrs. Dunham's disability did not cease while she lived. The six years' limitation had not commenced to run against her when she died.

It is true that Mrs. Dunham might have brought an action in her own name on the award at any time after it was made. (Code, § 114; Laws of 1860, § 7.) But she was not obliged to bring it because she was under disability, and the six years' statute of limitation was not running against her by reason of her coverture, which continued until she died.

I am of the opinion that Mrs. Dunham should not be deemed to have been entitled to bring an action on the award while she lived, within the meaning of section 102 of the Code, for the reason that she was a married woman when the award was made and until she died, and her disability under section 101 of the Code had not ceased, as that section of the Code was when she died. I think, when all the provisions of the Code respecting the times within which actions must be commenced are considered, that section 102 should be construed to mean that if a person *not under disability*, entitled to bring an action, die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his rep-

resentatives, after the expiration of that time, and within one year from his death. And I also think the words in that section, "the time limited for the commencement" of the action, mean the time a person *not under disability*, or after his or her disability ceases, has within which to bring an action. I hold this, because "the time of such disability" is declared by section 101 of the Code to be "not a part of the time limited for the commencement of the action." In this case Mrs. Dunham's disability could not have lasted longer than five years, according to that section, after the award was made, if she had lived that period.

My conclusion is, that the statute of limitations was not a defence to the action. For this reason it becomes unnecessary for me to consider the point made by the plaintiffs' counsel, that the defendant's letter in the case contains an agreement that would defeat the defence of the statute of limitations.

I am gratified that I have come to the conclusion that the plaintiffs can maintain this action, for the reason that the case, as settled, shows that they ought to succeed in it.

If these views are correct, the judgment in favor of the defendant in the action should be reversed and a new trial granted, costs to abide the event.

New trial granted.

NOTE.—Section 101 of the Code was amended in 1870, and the statute of limitations now runs against a married woman as in other cases, and she is no longer under disability in bringing actions by reason of her coverture.